# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES ERNEST ROBINSON,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:14-cv-02023-RFB-VCF

**ORDER**

    This habeas matter is before the court on petitioner's motion for reconsideration of this court's order denying his second motion for appointment of counsel (ECF No. 18). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994).

    Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." <u>City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper</u>, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted). This power is rooted in the common law, not the Federal Rules of Civil Procedure. <u>Id.</u> at 886.

In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Here, petitioner has presented no pertinent new arguments as to why counsel should be appointed. In his motion, petitioner merely states that he has had the aid of inmate law clerks thus far and speculates that "if for any reason, [petitioner] Robinson was transferred to a segregated unit, he would not be able to proceed with this action nor present his claims adequately to the court" (ECF No. 18, p. 2). Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying his second motion for appointment of counsel should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of this court's order denying his second motion for appointment of counsel (ECF No. 18) is **DENIED**.

DATED this 13th day of November, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE