UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES ERNEST ROBINSON,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>BRIAN E. WILLIAMS, SR., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:14-cv-02023-RFB-VCF<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss several grounds from petitioner Charles Ernest Robinson's petition (ECF No. 9). Robinson opposed (ECF No. 19), and respondents replied (ECF No. 20).

**I.	Procedural History and Background**

On January 25, 2010, Robinson pleaded guilty to obtaining and using the personal identification of another, possession or sale of a document or personal identifying information to establish a false status or identity, theft, and two counts of burglary (exhibit 12 to respondents' motion to dismiss, ECF No. 9).[1] The state district court sentenced Robinson, pursuant to the large habitual criminal statute, to a life sentence on each count with the possibility of parole after ten years, all to run concurrently. Exh. 15. Judgment of conviction was filed on May 7, 2010. *Id.*

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-13.

1

Robinson filed an untimely notice of appeal on July 8, 2010. Exh. 16. On September 10, 2010, the Nevada Supreme Court dismissed the appeal pursuant to NRAP 4(b) because it failed to vest jurisdiction in the court. Exh. 20. While the notice of appeal was pending, the judgment of conviction was amended on July 29, 2010, to correct a clerical error. Exh. 19.

On May 3, 2011, Robinson filed a proper person state post-conviction petition for a writ of habeas corpus. Exh. 28. On November 14, 2012, the Nevada Supreme Court affirmed the denial of four claims of ineffective assistance of counsel but reversed and remanded a fifth claim because the district court should have provided the relief set forth in NRAP 4(c). Exh. 60. The remittitur issued on December 10, 2012. Exhibit 61.

On July 15, 2013, the Clerk of Court filed a notice of appeal of the amended judgment of conviction on Robinson's behalf under NRAP 4(c). Exh. 67. The Nevada Supreme Court affirmed the amended judgment of conviction on September 18, 2014, and remittitur issued on October 20, 2014. Exhs. 93, 94.

Robinson dispatched his federal petition for mailing on November 26, 2014 (ECF No. 7). Respondents now argue that several grounds are subject to dismissal as unexhausted, noncognizable or conclusory (ECF No. 9).

**II.    Legal Standards and Analysis**

**A. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*,

2

386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

**Ground 5**

In ground 5, Robinson alleges that his postconviction counsel rendered ineffective assistance of counsel (ECF No. 7, p. 11-12). Respondents argue that Robinson has not presented ground 5 to the Nevada Supreme Court, and therefore, it is unexhausted (ECF No. 9, p. 5). However, there is no constitutional right to counsel in state postconviction proceedings. While ineffective assistance of postconviction counsel may be a basis to overcome the procedural bar of an underlying claim, it has not been recognized as a freestanding ground for federal habeas relief. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1319-1320 (2012) U.S.C.A. Const.Amend.VI. Accordingly, ground 5 is dismissed for failure to state a claim for which federal habeas relief may be granted.

**B. Conclusory Claims**

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

**Grounds 1(a), 1 (c) and 2(a)**

Robinson claims in ground 1(a) that his trial attorney was ineffective for failing to advise him of the State's burden in seeking a habitual criminal determination (ECF No. 7, p. 3). He states that if he had received accurate advice he would have successfully challenged the habitual criminal adjudication. *Id*. In ground 1(c), Robinson contends that appellate counsel was ineffective when he failed to provide Robinson with a record of the proceedings needed to pursue his appeal and postconviction petition. *Id*. In

3

ground 2(a) Robinson asserts that appellate counsel was ineffective for failing to file an appeal. *Id.* at 5.

Respondents are correct that mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief (ECF No. 9, pp. 5-6; *Mayle*, 545 U.S. at 655. Nevertheless, here, respondents' arguments that grounds 1(a), 1(c) and 2(a) are conclusory are better addressed in the context of adjudication on the merits, after respondents have filed an answer and petitioner has had an opportunity to respond. Accordingly, the court defers consideration of grounds 1(a), 1(c) and 2(a), and therefore, they are not subject to dismissal at this time. This ruling is without prejudice to respondents reasserting arguments raised here at the appropriate time.

**Ground 2(b)**

Robinson alleges that his trial counsel failed to conduct a statistical investigation of the disparity between the sentencing of white and black Americans as habitual criminals (ECF No. 7, p. 5). The court finds as it did above that this argument is more appropriately considered in the context of an adjudication on the merits. Accordingly, the court defers consideration of ground 2(b), and therefore, it is not subject to dismissal at this time. This ruling is without prejudice to respondents reasserting arguments raised here at the appropriate time.

**C. Cumulative Error and Ineffective Assistance of Counsel**

**Grounds 3 and 4**

In grounds 3 and 4 Robinson claims cumulative error of the ineffective assistance of trial and appellate counsel claims set forth in grounds 1 and 2 (ECF No. 7, p. 7). This court agrees with respondents that a separate cumulative error claim for ineffective assistance of counsel is either noncognizable or duplicative of the underlying ineffective assistance claims. In *Strickland v. Washington*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the

4

"counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Thus, the nature of the *Strickland* standard itself assesses the cumulative effect of an attorney's serious errors. Accordingly, grounds 3 and 4 are dismissed.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED in part**: grounds 3, 4, and 5 are **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that respondents shall file an answer to petitioner's remaining grounds for relief within **forty-five (45) days** of the date of this order. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **sixty (60) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that the Court, based upon its review of the record and the motion in this case, reconsiders that portion of its previous Order of March 2, 2015 denying the appointment of counsel and hereby **ORDERS** the appointment of counsel for Mr. Robinson in this case.

**IT IS FURTHER ORDERED** that the Federal Public Defenders Office (FPD) is appointed to represent Mr. Robinson in this case.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of this Order on the Federal Public Defenders Office in this District. The FPD shall have thirty (30) days

from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

DATED: 14 March 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE